IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Sylvester Thompson,            :

        Plaintiff,             :

    v.                         :      Case No. 2:14-cv-37

Rosenthal, Stein &             :      JUDGE JAMES L. GRAHAM
Associates, et al.,                   Magistrate Judge Kemp
                               :

        Defendants.

<u>REPORT AND RECOMMENDATION</u>

Plaintiff Sylvester Thompson brought this action against
Rosenthal, Stein & Associates, and two individuals, Agent
Dickson, and Agent Davis alleging that they violated the Federal
Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k,
Ohio's Consumer Sales Practices Act ("OCSPA"), O.R.C. §§ 1345.02
and/or 1345.03, and his common law right to privacy.  The Clerk
has entered default against all Defendants pursuant to Federal
Rule of Civil Procedure 55(a) for failing to plead or otherwise
defend this action.  On April 7, 2014, Plaintiff Thompson filed a
motion for default judgment (Doc. 10) seeking an award of damages
and attorney fees.  On July 30, 2014, Judge Graham referred the
motion for default judgment to the Magistrate Judge for a report
and recommendation (Doc. 13).

On November 14, 2014, the Magistrate Judge held a default
judgment hearing at which Mr. Thompson testified regarding the
damages owed to him.  Defendants did not appear at the hearing or
otherwise contest the amount of the alleged damages.  At the end
of the hearing, the Magistrate Judge requested a supplemental
motion for attorney fees, which Plaintiff filed (Doc. 15).  Mr.
Thompson seeks $5,000.00 in damages and a total of $9,476.70 in
attorneys' fees and costs.  For the following reasons, it is

recommended that the motion for default judgment and the
supplemental motion for attorney fees and costs be granted.

I.

The Court first turns to the request for damages.  Having
suffered an entry of default, Defendants' liability is
established.  <u>Antoine v. Atlas Turner, Inc.</u>, 66 F.3d 105, 110-111
(6th Cir. 1995).  The plaintiff, however, must still establish
the proper amount of damages to be awarded.  <u>Id</u>.

The FDCPA provides, in pertinent part:

> (a) Amount of damages  Except as otherwise provided by
> this section, any debt collector who fails to comply
> with any provision of this subchapter with respect to
> any person is liable to such person in an amount equal
> to the sum of - (1) any actual damages sustained by
> such person as a result of such failure;(2)(A) in the
> case of any action by an individual, such additional
> damages as the court may allow, but not exceeding
> $1000; . . . and (3) in the case of any successful
> action to enforce the foregoing liability, the costs of
> the action, together with a reasonable attorney's fee
> as determined by the court. . . .

15 U.S.C. § 1692k(a).  The Ohio Consumer Sales Practices Act
provides in relevant part:

> (A) Where the violation was an act prohibited by
> section 1345.02, 1345.03, or 1345.031 of the Revised
> Code, the consumer may, in an individual action,
> rescind the transaction or recover the consumer's
> actual economic damages plus an amount not exceeding
> five thousand dollars in noneconomic damages.
> (B) Where the violation was an act or practice declared
> to be deceptive or unconscionable by rule adopted under
> division (B)(2) of section 1345.05 of the Revised Code
> before the consumer transaction on which the action is
> based, or an act or practice determined by a court of
> this state to violate section 1345.02, 1345.03, or
> 1345.031 of the Revised Code and committed after the
> decision containing the determination has been made
> available for public inspection under division (A)(3)
> of section 1345.05 of the Revised Code, the consumer
> may rescind the transaction or recover . . . three
> times the amount of the consumer's actual economic
> damages or two hundred dollars, whichever is greater,

2

>plus an amount not exceeding five thousand dollars in
>noneconomic damages or recover damages or other
>appropriate relief in a class action under Civil Rule
>23, as amended.

Ohio Rev. Code Ann. § 1345.09 (West).  A violation of Ohio's
common law right to privacy also permits actual damages.  <u>See</u>
<u>Housh v. Peth</u>, 165 Ohio St. 35, 40, 133 N.E.2d 340, 344 (Ohio
1956) (upholding the trial court's jury charge instructing that
"where the right of privacy is invaded, the person injured is
entitled to recover substantial damages although the only damages
suffered by her result from mental anguish . . . .").

Mr. Thompson seeks statutory and actual damages under the
various causes of action totaling $5,000.00 without any
discussion of what portion of that amount would be attributable
to actual damages and what portion would be statutory damages.
(Doc. 10 at Decl. of Edward A. Icove).  Statutory damages alone
could not justify an award of $5,000.00 in this case, so the
request for damages necessarily requires a discussion of actual
damages.  The misconduct for which Defendants have been adjudged
liable is the same for each cause of action, so Mr. Thompson's
request for compensatory damages under the FDCPA and the OSCPA
and common law will be discussed together.  <u>See</u> <u>Dowling v. Litton</u>
<u>Loan Servicing, LP</u>, No. 2:05-CV-0098, 2006 WL 3498292, at *14
(S.D. Ohio Dec. 1, 2006) ("a plaintiff who alleges separate
causes of action is not permitted to recover more than the amount
of damage actually suffered; there cannot be double recovery for
the same loss, even though different theories of liability are
alleged in the complaint.") (citations omitted).

Under both the FDCPA and the OCSPA, evidence of emotional
distress caused by violations of those acts may result in actual
damages.  <u>See, e.g.</u>, <u>Boyce v. Attorney's Dispatch Serv.</u>, No. C-3-
94-347, 1999 WL 33495605, at *1 (S.D. Ohio Apr. 27, 1999) ("All

of those actions caused the Plaintiffs to suffer harm, for which they are entitled to recover damages under both the FDCPA and the OCSPA. 15 U.S.C. § 1692k(a)(1); Ohio Rev.Code § 1345.09(A). In particular, the Court finds that the Plaintiffs have suffered harm in the form of emotional distress, humiliation and embarrassment."); see also  Dowling v. Litton Loan Servicing LP, 320 F. App'x 442, 445 (6th Cir. 2009) (noting that, regarding the plaintiffs' FDCPA claim, "the court awarded Dowling $25,000 in actual damages for her emotional distress [plus $1000 in statutory damages] for a total recovery of $26,000 plus attorney's fees and costs."); Ohio Rev. Code Ann. § 2315.18(4) (West) (defining "Noneconomic loss" as including "pain and suffering," and "mental anguish, and any other intangible loss").

At the default judgment hearing, Mr. Thompson testified about Defendants' conduct and how that affected him.  He testified that in February of 2013, Defendant Agent Dickson contacted Mr. Thompson, identified himself as "Agent Dickson," and told him that he had to pay that day or he would be turned over to the Franklin County Sheriff for pickup.  Mr. Thompson understood that to mean that he would be arrested.  Mr. Thompson told Agent Dickson that he had a lawyer and gave him the lawyer's name and phone number.  Mr. Thompson testified that Agent Dickson called back the same day to ask if Mr. Thompson could borrow the money.  The next day, another individual, who identified herself as "Agent Davis," called and told Mr. Thompson that he could be arrested for theft if he did not pay.  Mr. Thompson told Agent Davis to call his lawyer, and she said that Agent Dickson had called the lawyer.  Mr. Thompson paid $105 that day.  Mr. Thompson testified that Defendants called three times in March, but he saw the caller number and did not answer the telephone.

Mr. Thompson testified that Defendants' calls scared him. Because they identified themselves by the title "Agent," he was

worried that they were with the FBI.  He understood their calls to be threatening to arrest him for theft.  He couldn't sleep and he left his home for two or three weeks and stayed with friends.  He was also somewhat embarrassed.  He continued to have trouble sleeping for four to five months, and every once in a while he still has trouble sleeping.  He saw a doctor and was proscribed some sleeping medicine which he took.

In <u>Boyce v. Attorney's Dispatch Serv.</u>, No. C-3-94-347, 1999 WL 33495605, at *1 (S.D. Ohio Apr. 27, 1999), the Court found the conduct of the defendants particularly egregious because of (1) the number of statutory violations in two letters sent to one of the plaintiffs, (2) the "outrageous" content of telephone calls to one of the plaintiffs including the caller identifying himself as "Officer Martin" and "indicat[ing] that [one of the plaintiffs] could face criminal prosecution if he did not pay the debt that he owed" to one of the defendants, and (3) the fact that the caller for one of the defendants informed one of the plaintiffs co-workers that he was "Officer Martin," which required the plaintiff to explain matters to a co-worker.  In that case the Court found that the plaintiffs had suffered harm in the form of emotional distress, humiliation and embarrassment, which was mitigated to some degree by the fact that their attorney must have been able to allay their fears of criminal prosecution soon after the calls, there was no finding that the actions of the defendants caused one of the plaintiffs to leave his job or caused either plaintiff to suffer a medical condition requiring professional treatment.  The court awarded $6,000.00 in compensatory damages for one plaintiff and $4,000.00 in compensatory damages for the other plaintiff, as well as $1,000.00 in statutory damages under the FDCPA for each plaintiff and $2,500.00 in punitive damages under the OCSPA.

Here, Defendant's conduct differed slightly from the

defendants in <u>Boyce</u>. However, Mr. Thompson was similarly harmed
in that he feared Defendants' association with the FBI, was
worried that he would be arrested, and suffered some degree of
humiliation and embarrassment from the calls. The Court
recommends awarding compensatory damages in the amount of
$4,000.00 to Mr. Thompson.

The FDCPA also permits statutory damages of up to $1,000.00
as the court may allow. 15 U.S.C. § 1692k(a)(2)(A). In
fashioning a proper award of statutory damages here, the Court
must examine the particular FDCPA violation found in the context
of the various factors set forth in the FDCPA. These factors
include: "the frequency and persistence of noncompliance by the
debt collector, the nature of such noncompliance, and the extent
to which such noncompliance was intentional...." 15 U.S.C. §
1692k(b)(1). To reach the proper award, the Court will consider
and balance each of these factors against the FDCPA's purpose,
which is "to eliminate abusive debt collection practices by debt
collectors, to insure that those debt collectors who refrain from
using abusive debt collection practices are not competitively
disadvantaged, and to promote consistent State action to protect
consumers against debt collection abuses." <u>Fed. Home Loan Mortg.</u>
<u>Corp. v. Lamar</u>, 503 F.3d 504, 508 (6th Cir. 2007) (quoting 15
U.S.C. § 1692(e) (internal quotation marks omitted)). Here, as
in <u>Boyce</u>, Defendant violated the FDCPA in numerous ways on more
than one occasion, and such actions can most reasonably be viewed
as affirmative misrepresentations rather than merely an
oversight. Accordingly, the Court recommends awarding statutory
damages pursuant to the FDCPA in the amount of $1,000.00.

Mr. Thompson has not sought punitive damages, and statutory
damages pursuant to the OCSPA are only permitted as an
alternative to compensatory damages, and are, therefore, not
permitted here.

II.

Next, the Court turns to the supplemental motion for attorney fees. Both the FDCPA and the OCSPA permit a prevailing plaintiff to recover costs, including reasonable attorney's fees. See 15 U.S.C. § 1692k(a)(3) & Ohio Rev. Code § 1345.09(F)(1). The Court of Appeals has held that the FDCPA mandates such an award. Dowling v. Litton Loan Servicing LP, 320 F. App'x 442, 446 (6th Cir. 2009) (citations omitted). In determining what constitutes a reasonable award of attorney fees, the Court first determines the lodestar amount, which is "calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." Imwalle v. Reliance Med. Prod., Inc., 515 F.3d 531, 551-52 (6th Cir. 2008) (citing Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). "Where the party seeking the attorney fees has established that the number of hours and the rate claimed are reasonable, the lodestar is presumed to be the reasonable fee to which counsel is entitled." Imwalle, 515 F.3d at 552 (citing Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 564-65, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986)). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." Hensely, 461 U.S. at 433.

In any context where an attorney requests fees to be awarded by the Court, there is an obligation to award only reasonable fees. While the Court has substantial discretion in determining what is a reasonable fee, there are a number of factors which should be considered, including the prevailing market rates for comparable legal work in the community, whether the amount of time for which compensation is requested is reasonably necessary to perform the tasks described, and whether the representation

7

was of at least average quality.  See Kauffman v. Sedalia Med.
Ctr., Inc., No. 2:04-CV-543, 2007 WL 490896 at *3 (S.D. Ohio
Feb.9, 2007) (citing Bemis v. Hogue, Nos. 89-1697, 89-1767, 1991
WL 102385, at *7 (6th Cir. Jun 13, 1991)).

To determine whether a billing rate is reasonable, courts
should assess the prevailing market rate in the relevant
community, which is the rate that "lawyers of comparable skill
and experience can reasonably expect to command within the venue
of the court of record...." Adcock-Ladd v. Secretary of
Treasury, 227 F.3d 343, 350 (6th Cir. 2000) (citations omitted).
"A district court may rely on a party's submissions, awards in
analogous cases, state bar association guidelines, and its own
knowledge and experience in handling similar fee requests." Van
Horn v. Nationwide Prop. and Cas. Ins. Co., 436 Fed. Appx, 496,
498-99 (6th Cir. Aug. 26, 2011).

Here, the declarations of the attorneys seek lodestar
amounts as follows: $5,880.00 for Mr. Icove, calculated based on
14.7 hours at $400.00 per hour; $3,500 for Mr. Varnado,
calculated based on 14.0 hours at $250.00 per hour; and fees for
a paralegal, Ms. Laurich, totaling $75.00, calculated based on
.6 hours at $125.00 per hour.

Turning first to the hourly rates, the Court notes that it
has previously approved Mr. Icove's billing rate of $400.00, and
the reasoning in that case continues to hold true:

> Here, Attorney Icove avers that his hourly rate has
> increased incrementally over the years in practice,
> which included his being awarded a fee of $300.00 in
> 2008. . . .  The Court has no reason to doubt that the
> rate of $400.00 represents Attorney Icove's current
> billing rate or that an attorney of his skill and
> experience in a comparable market could reasonably
> charge that amount on a hourly basis.  In Wells v.
> Rhodes, No. 2:11-CV-217, 2012 WL 3835391, at *2
> (S.D.Ohio 2012), Judge Sargus approved an hourly rate
> of $400.00 for an attorney who possessed considerable
> experience, when that attorney worked in combination

8

with an attorney with a much lower hourly rate.
Applying the decision in <u>Wells</u> to this case, the Court
finds that $400.00 is reasonable based on Attorney
Icove skill and experience when combined with [co-
counsel's] lower hourly rate. Further, because the work
performed in this case required an attorney with skill
and experience in consumer law, the Court finds
Attorney Icove's hourly rate to be reasonable.

<u>Hagy v. Demers & Adams, LLC</u>, No. 2:11-CV-530, 2013 WL 5728345, at
*13 (S.D. Ohio Oct. 22, 2013), appeal dismissed (Apr. 22, 2014).
Mr. Varnado, who has more than 30 years of experience practicing
law in Ohio, seeks a rate that is significantly lower than Mr.
Icove, and is reasonable. Likewise, the billing rate of Ms.
Laurich, Mr. Icove's paralegal, is reasonable.

In addition, the Court has reviewed the time records
attached to the attorney declarations, and the hours expended
appear reasonable. Plaintiff also seeks $21.70 for postage for
service of process, which appears reasonable. Consequently, the
Court will recommend an award of $9,455.00 in attorneys' fees
plus $21.70 in costs.

III.

For these reasons, it is recommended that the motion
for default judgment (Doc. 10) and the supplemental motion for
attorney fees (Doc. 15) be granted and that Mr. Thompson be
awarded $5,000.00 in damages and a total of $9,476.70 in
attorneys' fees and costs.

IV.

If any party objects to this Report and Recommendation,
that party may, within fourteen (14) days of the date of this
Report, file and serve on all parties written objections to those
specific proposed findings or recommendations to which objection
is made, together with supporting authority for the objection(s).
A judge of this Court shall make a de novo determination of those
portions of the report or specified proposed findings or

9

recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge